## MELCHIOR, ARMSTRONG & DESSAU, Plff.,
### v.
## RAMON GARCIA LAGO ET AL., Dfts.

San Juan, Equity, No. 1150.

Opinion filed June 21, 1923.

*Mr. H. G. Molina* for plaintiff.

*Mr. Leopoldo Feliu* for receiver.

*Mr. R. Rivera Zayas* and *Mr. R. Castro Fernandez* for intervening petitioners.

ODLIN, Judge, delivered the following opinion:

The question presented at this time for decision is one which does not seem to have been passed upon directly by the supreme court of Porto Rico, but after listening to the able oral argu-

ments of counsel for the interveners, and also after considering the written briefs which they have filed in support of their contention, it is very clear to me that their claim is without merit. These interveners are as follows: Salvador Frese; Blanco, Frezno, & Company; Arecibo Drug Store; Restituto Blanco; Frezno; Felix Balseiro & Company; and Manuel Siraguza Girau.

The facts, briefly stated, are as follows: On May 26, 1922, a bill in equity was filed in this court by the plaintiffs, domiciled in New York city, against Ramon Garcia Lago et al., to foreclose a mortgage for about $42,000 upon real estate in Arecibo, which mortgage it is conceded was in default, the mortgage itself having been executed and recorded in the month of February, 1921. On December 13, 1922, this court appointed a receiver to take possession of all the real estate covered by said mortgage, and this action was taken by this court without objection on the part of the defendants. The receiver was put into possession on January 12, 1923. On January 25, 1923, the above-named interveners, all tenants occupying distinct parcels of said real estate covered by the mortgage, filed their answer stating that they had made contracts with Mrs. Elvira Tulla de Lopez, who is the wife of one of the mortgagors, which contracts were evidenced by certain formal notarial instruments duly recorded, which contracts provided for long periods of rental, and some of these contracts set forth that large sums of money had been paid to the above-named lady as rental in advance. The claim therefore is that this court ought not to allow the receiver to collect rents from these tenants because of these contracts referred to, which had been entered into by these tenants with the wife of one of

the mortgagors. It is argued that if the court should do this it would require these tenants to pay their rent twice. The court also is asked to order the receiver to return to these tenants such sums of money as have already been paid by these tenants to the receiver, and which money is now in the hands of the receiver subject to the further order of this court.

The supreme court of Florida, in a recent important decision reported in 85 Fla. 9, 96 So. 151, being the case of Sommers v. Apalachicola Northern R. Co. makes clear the rule of law that all parties sui juris are free to make whatever contracts they may choose so long as no fraud or deception is practised and there is no infraction of law. The supreme court of Florida also says in this same decision that the fact that some of the parties to a contract made a hard bargain will not alone avoid the contract.

It is very clear to me that this rule must be invoked in the present case. The recording of the mortgage was notice to the world of its existence. Parties dealing thereafter with the mortgagors knew very well that any contract they might make with the mortgagors would be subject to the terms and conditions of the mortgage itself. When the default occurred on the part of the mortgagors the holders of the mortgage had a right to foreclose, and after they filed their bill of foreclosure and they believed there might be a deficiency judgment and that in order to protect their rights it was necessary to request this court to appoint a receiver so that the latter might collect and hold the rentals of the property pending the litigation, in order to apply the same to the expenses of the litigation and the payment of the mortgage debt, if necessary, these contracts made by the interveners did in no way protect them against the superior

142

rights of the mortgagees. A moment's thought will show that this rule is imperative. If the contention be correct, which is now advocated by the counsel for these interveners, it would be possible to destroy in effect the value of the foreclosure of a mortgage. After this mortgage was executed if these interveners could make valid contracts with the mortgagors for a period of rental of eight years, they could certainly make one for eighteen years, or twenty-eight years, or any term upon which the parties might agree, and they might pay their rents in advance. If I were to uphold the contention of the counsel for these interveners, it seems to me that I would be destroying the potential value of every mortgage in the Island of Porto Rico. I must therefore hold that these interveners, having made their contracts with full notice of the mortgage, hold only such rights by virtue of those contracts as may be available for them after the rights of the mortgagees are first protected. If, upon the sale of the mortgaged property, the proceeds thereof should be sufficient to pay off all the mortgages, and all the expenses of this litigation, leaving a surplus in the hands of the receiver, such surplus I would hold would be available for the benefit of these interveners. But of course at this time, previous to any sale, previous to any decree for a sale, it is impossible to say whether there will be a deficiency or a surplus, or whether the amount realized will be exactly equal to the mortgages, interest, costs, expenses of the receivership, etc.

I therefore order and direct that the receiver continue to hold, subject to the further order of this court, the funds now in his possession derived from rentals paid since the receivership, but that he also continue to collect for rents from these

tenants and hold the same in the same manner as the funds now in his hands. If any of the interveners decline to pay rent to the receiver, they must vacate the property after proper notice by the receiver.

To this order counsel for the interveners except.

Done and ordered at San Juan, Porto Rico, on this the 21st day of June, 1923.